## UNITED STATES v. CLAYTON et al.

(Circuit Court of Appeals, Fifth Circuit. October 13, 1924.)

No. 4190.

Clerks of courts ⚖=61—Should account for moneys received for paying out money in composition cases in bankruptcy.

Under Rev. St. § 833 (Comp. St. § 1394), as amended by Comp. St. § 1398, fees received by clerk of District Court or deputies for paying out sums of money in composition cases in bankruptcy are for services such that government is entitled to an accounting of the same.

In Error to the District Court of the United States for the Southern District of Georgia; Wm. H. Barrett, Judge.

Action by the United States against D. R. Cook Clayton and others. Judgment for defendants, and plaintiff brings error. Reversed.

F. G. Boatright, U. S. Atty., of Cordele, Ga., and B. S. Deaver, Asst. U. S. Atty., of Macon, Ga.

Geo. S. Jones, Orville A. Park, and Jones, Park & Johnston, all of Macon, Ga., for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This case comes to this court on an agreed statement of facts from a decision of the District Court of the Southern District of Georgia in a suit brought by the United States against D. R. Cook Clayton, formerly clerk of said court, and his bondsmen, to recover a sum received by him and his deputies as fees for paying out sums of money in composition cases in bankruptcy in the several divisions of said district; said fees having been allowed them by orders of said District Court. The claim is that said fees are not a part of the fees and emoluments of his office, and that he is not accountable to the United States therefor.

Revised Statutes, § 833 (U. S. Comp. St. § 1394), provides that "every district attorney, clerk of a District Court, (clerk of a Circuit Court,) and marshal, shall, on the first days of January and July, in each year, or within thirty days thereafter, make to the Attorney General * * * a written return for the half year ending on said days, respectively, of all the fees and emoluments of his office, of every name and character," etc.

In 1886 this section 833, Revised Statutes, was construed by the Supreme Court of the United States in the case of United States v. Hill, 120 U. S. 169, 7 S. Ct. 510, 30 L. Ed. 627. The court there held that, in view of the long construction of the statute as not embracing fees received by the clerk in naturalization suits, they would not disturb the same; such construction being of a doubtful statute. Thereupon said act was amended in 1902 by providing:

"And the word 'emoluments' shall be understood as including all amounts received in connection with the admission of attorneys to practice in the court, (all amounts received for services in naturalization proceedings, whether rendered as clerk, as commissioner, or in any other capacity,) and all other amounts received for services in any way connected with the clerk's office." 32 Stat. at p. 475, U. S. Comp. Sts. § 1398.

While in this case the orders allowing these commissions are in many cases to the designated individuals, they are only for such persons as are deputy clerks of said court, and in some instances the orders are to no designated persons, but to the clerk or his deputies. A proceeding by composition in bankruptcy is provided for by the

Bankruptcy Act. It is a proceeding conducted under orders of the court, it does not take effect until approved by order of the court, and if disallowed by him the composition fails. The payment of money for the composition is under the order of the court. The proceeding for confirmation of such composition must be filed in the clerk's office in the bankruptcy proceedings. We therefore think that the allowances made in these cases, for services in paying out this money, were certainly for services in some way connected with the clerk's office, and fell within the provisions of Compiled Statutes, § 1398, and that the government is entitled to an account of the same from the clerk.

The judgment is therefore reversed.